867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard R. BYARD, Plaintiff-Appellant,
v.
Otis R. BOWEN, Defendant-Appellee.
 No. 88-3128.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 14, 1988.
Decided: Jan. 20, 1989.
 
 Richard R. Byard, appellant pro se.
 Charles Preston Scheeler (Office of the United States Attorney), for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard R. Byard, a white male, filed suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e), alleging that he was discriminated against in his employment with the Department of Health and Human Services when a black female was promoted instead of him to a GM-14 position. He appeals the district court's grant of summary judgment, asserting that the district court applied the wrong law in deciding his case and that the district court judge was biased. For the following reasons, we affirm.[1]
 
 FACTUAL BACKGROUND
 
 2
 Byard was employed by the agency as a GS-13 Social Insurance Specialist. On January 18, 1982, he was noncompetitively promoted to GM-14, not to exceed 120 days. In March, 1982, Mildred Johnson, a black female, requested to be detailed to the position. Her request was granted and she occupied the position from March 21, 1982 until July 18, 1982. The agency issued a vacancy announcement for the position on the same date that Byard's detail began in January, 1982. Sixteen persons were certified as best qualified for the position, including Byard and Johnson. Johnson was selected for the position, and permanently promoted to it effective September 19, 1982. The agency officials testified at the EEOC hearing that there were problems with employee morale when Byard was the acting chief because he had difficulty working with people, was explosive, short on patience, and easily upset when others did not agree with his opinion, but that Johnson had the necessary skills and demeanor to perform the job well.
 
 CLAIM OF DISCRIMINATION
 
 3
 Although this case involves "reverse discrimination," the Supreme Court has held that Tile VII protects whites as well as minorities. McDonald v. Santa Fe Transp. Co., 427 U.S. 273 (1976). Moreover, despite Byard's contentions, the elements of the required prima facie case are the same under Title VII and either Sec. 1981 or Sec. 1983. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). To establish a prima facie case of discrimination with respect to promotion, a plaintiff must either present direct or indirect evidence of discrimination, or prove that he applied for an available position for which he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Holmes v. Bevilacqua, 794 F.2d 142, 146 (1986) (en banc). In promotion cases such as this, the plaintiff also carries the burden of proving that he was the better candidate for the promotion sought. Gairola, 753 F.2d at 1287; Cuthbertson v. Biggers Bros. Inc., 702 F.2d 454, 456 (4th Cir.1983). The district court therefore applied the correct standard.
 
 
 4
 Byard first attempts to establish a prima facie case by direct evidence of discrimination. He asserts that Sandy Crank, the agency official responsible for approving the selection to fill the position at issue, pressured those persons responsible for recommending a candidate to him to select a black female for the position, instead of Byard, in order to comply with the affirmative action plan within the agency. While there is evidence in the record indicating that some lower level management officials felt pressure to comply with the affirmative action plan, William Montgomery, the person responsible for recommending a candidate to Crank, testified unequivocally before the EEOC that he felt no pressure from Crank to select a minority for the position at issue and that he recommended Johnson, not to satisfy the affirmative action plan, but because she was the better candidate.
 
 
 5
 Byard's attempt to establish a prima facie case by indirect evidence of discrimination, focusing on alleged pressure from Crank to promote Anna Young, another black female, to a position of similar rank at the same time as the Johnson promotion, is equally unsuccessful. Alfred Williamson, one of the persons responsible for selecting Young, testified before the EEOC that while he was generally aware of a management preference to promote minorities, when qualified, he recommended Young for a promotion because he felt she was the best qualified candidate.
 
 
 6
 Byard also fails to establish a prima facie case of discrimination by satisfying the McDonnell Douglas analysis, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because he fails to present "other evidence that his race was a factor considered by his employer in not granting him the promotion." Holmes v. Bevilacgua, 794 F.2d at 147. The only other evidence of discrimination offered by Byard is his assertion that he was more qualified because he had been in the branch with the open position for three years while Johnson had been there for only ten months.[2] Of course, length of employment alone is not sufficient to prove one is better qualified. See generally Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d at 1287. Here, the record before the EEOC shows that although Johnson had only been in that particular branch for ten months, she had been with the Social Security Administration since 1961 and she in fact scored higher than Byard on the best qualified list for the open position.
 
 
 7
 Finally, even had Byard established a prima facie case, the management personnel responsible for selecting Johnson testified that she was selected because of difficulties with employee relations encountered when Byard served as temporary head of the branch and because they felt Johnson displayed a better management style. Consequently, the agency has offered a legitimate, nondiscriminatory reason for preferring Johnson that Byard fails to show was merely a pretext.
 
 ALLEGED BIAS OF DISTRICT JUDGE
 
 8
 Byard's contention that the district judge was biased is without merit. A claim of bias must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. United States v. Haldeman, 559 F.2d 31, 134 (D.C.Cir.1976). Moreover, a claim for disqualification of a judge for bias or prejudice must contain facts to establish personal bias. United States v. Ritter, 540 F.2d 459 (10th Cir.), cert. denied, 429 U.S. 951 (1976). Byard fails to meet this burden of proof.
 
 
 9
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 We note that Byard's complaint that the motion for summary judgment should not have been considered because it was untimely and not verified is meritless
 
 
 [2]
 We note that Byard appears to abandon this issue on appeal, stating in his informal brief that the relative qualifications of the candidates "were not the issue at all." Nevertheless, because we consider this issue important to the disposition of this case, we will consider it as it was asserted below